IT IS ORDERED as set forth below:



Date: July 18, 2017

*Edward J. Coleman III*, Judge
United States Bankruptcy Court
Southern District of Georgia

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| In the matter of<br>STACEY LEE JACOBS<br>301 PARADISE DR.<br>SAVANNAH, GA 31406<br><br><br>Social Security # : xxx-xx-3729<br>Debtor | Chapter 13<br>Case No. 17-40457-EJC |

ORDER CONFIRMING PLAN

It having been determined after hearing on notice that the plan complies with the provisions of Chapter 13 and with all other applicable provisions of Title 11, that all fees, charges or amounts required under Chapter 123 of Title 28 or by the plan, to be paid before confirmation, have been paid, that the plan was proposed in good faith and not by any means forbidden by law, that the value of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor was liquidated under Chapter 7 of Title 11, that with respect to each allowed secured claim provided for, the holder has accepted the plan or the plan provided that the holder shall retain the lien securing the claim and the value to be distributed under the plan is not less than the amount of such claim, that the plan provides for distribution of property on an allowed unsecured claim in the amount of the claim or commits all disposable income for the applicable commitment period.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

1. The plan is confirmed. Payments are hereby approved for a period not to exceed five years.

2. Debtor(s) shall pay $590.00 MONTHLY to Chapter 13 Trustee Office, Savannah, Post Office Box 116561, Atlanta, GA 30368-6561, and Trustee shall disburse the money subject to the Trustee's bond.

3. As soon as practical following confirmation, the Trustee shall file a report of all claims filed in the case and the Trustee's proposed treatment of such claims under the plan as confirmed. Except

as the plan provides otherwise, disbursements shall be made by the Trustee on a monthly basis.

4. Debtor(s) shall not incur any indebtedness without the approval of the Court or the Trustee.

5. Debtor(s) shall maintain full coverage insurance on all vehicles as required by the lienholder and applicable non-bankruptcy law.

6. Property of the estate revests in the Debtor upon confirmation pursuant to 11 U.S.C. Section 1327.

7. Because no party in interest filed a request for an order of dismissal pursuant to 11 U.S.C. § 521(i)(2), the Debtor(s) was not required to file any further document pursuant to § 521(a)(1)(B) to avoid an automatic dismissal and this case is not and was not subject to automatic dismissal under § 521(i)(1). This does not prevent any party in interest from requesting by motion that Debtor supply further information described in § 521(a)(1)(B), and this does not prevent the Chapter 13 Trustee from requesting by any authorized means, including but not limited to motion, that the Debtor supply further information.

**[END OF DOCUMENT]**

Prepared by:

s/ O. Byron Meredith III

O. Byron Meredith III
Chapter 13 Trustee
Georgia Bar # 002330
P.O. Box 10556
Savannah, GA 31412
(912) 234-5052